**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 23-2247**

_____

NATALIA R. WALLACE,

        Plaintiff - Appellant,

      v.

MARY BALDWIN UNIVERSITY,

        Defendant - Appellee.

_____

Appeal from the United States District Court for the Western District of Virginia, at Harrisonburg.  Elizabeth K. Dillon, Chief District Judge.  (5:22-cv-00017-EKD)

_____

Submitted:  April 11, 2025                      Decided:  May 15, 2025

_____

Before WYNN, RICHARDSON, and RUSHING, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:**  Thomas E. Strelka, STRELKA EMPLOYMENT LAW, Roanoke, Virginia, for Appellant.  Amanda M. Weaver, WILLIAMS MULLEN, Richmond, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Natalia R. Wallace appeals the district court's orders dismissing for failure to state a claim her complaints raising claims of sex discrimination and retaliation, in violation of Title VII of the Civil Rights Act of 1964, as amended (Title VII), 42 U.S.C. §§ 2000e to 2000e-17.  We review de novo a district court's dismissal under Fed. R. Civ. P. 12(b)(6), "assuming as true the complaint's factual allegations and construing all reasonable inferences in favor of the plaintiff." *Carlton & Harris Chiropractic, Inc. v. PDR Network, LLC*, 982 F.3d 258, 260 (4th Cir. 2020) (internal quotation marks omitted).  To survive a motion to dismiss, a complaint must contain sufficient facts to state a claim "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A plaintiff can establish a discrimination claim under Title VII by two routes: she can provide direct evidence of discrimination, or she can proceed using the burden-shifting framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).  The *McDonnell Douglas* framework generally requires a plaintiff to establish a prima facie case for her claim; if she does, the burden then shifts to her employer to provide a non-discriminatory reason for the allegedly discriminatory action, which the plaintiff must then prove is pretextual.  *See id.* at 802-04.  Although "an employment discrimination plaintiff need not plead a prima facie case of discrimination to survive a motion to dismiss," she must "allege[] facts that plausibly state a violation of Title VII above a speculative level." *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 616-17 (4th Cir. 2020) (internal quotation marks omitted).

We have reviewed the record and find no reversible error. As to Wallace's retaliation claim, the district court did not err in finding she failed to adequately plead causation. Nor did the district court err in finding Wallace did not adequately plead that Mary Baldwin University's failure to hire her to teach in the summer of 2021 was the product of discrimination.

Accordingly, we affirm the district court's orders. *Wallace v. Mary Baldwin Univ.*, No. 5:22-cv-00017-EKD (W.D. Va. Feb. 24, 2023; Nov. 1, 2023). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*